# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 9, 2012 Session

## STATE OF TENNESSEE ex rel. RONDA M. LETNER v. RAYMOND T. CARRIGER

### Appeal from the Chancery Court for Meigs County
### No. 3230     Frank V. Williams, III, Chancellor

---

### No. E2011-01853-COA-R3-CV-FILED-AUGUST 20, 2012

---

Raymond T. Carriger ("Carriger") filed a petition to terminate his child support obligation in the Chancery Court for Meigs County ("the Trial Court"). The State of Tennessee *ex rel.* Ronda M. Letner ("the State") opposed Carriger's petition. Carriger argued that he suffered from a disability and, as a result, was unable ever to pay off the arrearages he had accumulated. The Trial Court granted Carriger's petition and absolved him of his child support arrearages. The State appeals, arguing that such a retroactive modification of child support is prohibited under Tennessee law. We reverse the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and, Warren Jasper, Senior Counsel, General Civil Division; for the appellant, State of Tennessee *ex rel.* Ronda M. Letner.

Tom McFarland, Kingston, Tennessee, for the appellee, Raymond T. Carriger.

# OPINION

## Background

Carriger and Ronda Letner were divorced in 1993, and Carriger was ordered to pay child support for his children. Carriger successfully sought to overturn the 1993 divorce on the basis of improper service. In a subsequent duly entered 1994 divorce decree, Carriger again was ordered to pay child support for the parties' minor children.

In 1996, Carriger filed a petition to modify his child support obligations. For the next several years, a number of contempt actions occurred in relation to Carriger's child support. During this period and beyond, Carriger contended that his mental disability prevented him from acquiring regular employment and that he thus was unable to comply with his child support obligations. In August 2005, as part of a contempt hearing, the Referee determined that Carriger owed $32,041.32 in child support arrearages as of the previous month. Following a hearing, the Trial Court, *inter alia*, affirmed the Referee's finding in its October 2005 order:

1. The Findings and Recommendation of the Referee are hereby modified. The Respondent shall receive a suspended sentence to the Meigs County Jail pending periodic monthly review by the Court.

2. The Respondent shall periodically report to the Court. He shall provide proof to the Court every month that disability continues. He shall file with the Court a copy of the application filed with the Social Security Administration and any and all updates of his pursuit of his disability claim.

3. The accrual of monthly child support payments shall be suspended until the Court determines whether the Respondent, Raymond Carriger, is disabled.

4. All other Findings and Recommendations are hereby confirmed.

In 2006, Carriger's children reached the age of emancipation, and, thereafter, his obligations were restricted to his accumulated arrearages. From 2005 through 2010, Carriger unsuccessfully attempted to secure disability benefits. In 2010, on judicial review of the administrative law judge's denial of Carriger's claim, the U.S. District Court ruled against Carriger and granted the Commissioner of Social Security's motion for summary judgment. In 2008, the Trial Court appointed a Guardian Ad Litem for Carriger.

-2-

In February 2011, Carriger filed a motion to terminate his child support obligations on the basis of his disability. In its June 2011 order, following a hearing, the Trial Court terminated Carriger's child support obligations, stating:

> This cause came on to be heard on the 7th day of April, 2011, before the Honorable Frank V. Williams, Chancellor of the Chancery Court in Meigs County, Tennessee, and upon the periodic monthly review by the Court, the testimony of Dr. Peter Young that indicated the Respondent is not capable of any substantial gainful employment at present or in the future, and the record as a whole, the Court finds that Respondent, RAYMOND T. CARRIGER's PETITION TO TERMINATE CHILD SUPPORT OBLIGATION is well-taken, and as such,
>
> It is ORDERED, ADJUDGED, and DECREED as follows:
>
> 1. That the child support obligation of Respondent, RAYMOND T. CARRIGER, is hereby terminated and costs of this matter is assessed to the Petitioner, for which execution may issue, if necessary.
>
> 2. That the Respondent, RAYMOND T. CARRIGER, shall pay the reasonable and necessary attorney fees to Jennifer Raby, *Guardian Ad Litem*, in the amount of Seven Hundred Fifty Dollars ($750.00).

The State appeals.

## Discussion

Though not stated exactly as such, the State raises one issue on appeal: whether the Trial Court erred in retroactively terminating Carriger's child support arrearages.

According to statute, an order for child support is not subject to modification as to the period before an action to modify is filed:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date when the ordered support is due, the

unpaid amount is in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage, at the rate of twelve percent (12%) per year. All interest that accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

Tenn. Code Ann. § 36-5-101 (f)(1) (Supp. 2011).

The new amendment became effective March 27, 1987. It has since been held to prevent the reduction of child support arrearages in several unreported decisions of the Tennessee Court of Appeals. We agree with these rulings. The language of the 1987 amendment could not be more clear. Retroactive modifications are plainly unauthorized; prospective modifications can be made, but only after notice as provided in subsection (a)(5). Hence, the trial court in this case could not reduce amounts that accrued prior to the filing of the father's 1988 cross-petition, even those amounts that became due prior to the effective date of the amendment.

*Rutledge v. Barrett*, 802 S.W.2d 604, 606 (Tenn. 1991).[1]

Carriger's argument that the Trial Court correctly terminated his child support arrearages is based heavily on his alleged mental disability.[2] Carriger argues vigorously that, in this case, "enforcement of a child support obligation against the Appellee would be an exercise in futility." Enforcement may well be an exercise in futility in this case, but this does not mean that Carriger's child support arrearages can be forgiven by the Trial Court or this Court. Indeed, as the Supreme Court held in *Rutledge*, retroactive modifications to child support obligations, including child support arrearages, are prohibited by statute. As the State points out, our Supreme Court also stated that equitable defenses may not be employed to eliminate child support arrearages. *Rutledge*, 802 S.W.2d at 607.

Our General Assembly established the public policy of Tennessee as to this issue when it enacted Tenn. Code Ann. § 36-5-101(f)(1). We are constrained to adhere to

---

[1] In *Rutledge*, our Supreme Court addressed the history of Tenn. Code Ann. § 36-5-101 (a)(5) (Supp. 1989). This provision is now found at Tenn. Code Ann. § 36-5-101 (f)(1) (Supp. 2011).

[2] We need not and do not make any finding as to Carriger's mental or physical health.

our Supreme Court's interpretation of the statutory law adopted by our General Assembly. In this case, the Trial Court affirmed the Referee's finding of a child support arrearage in 2005. No appeal was taken from that final judgment. Carriger filed his petition to terminate his child support obligation in February 2011, long after his child support arrearages had been established through order of the Trial Court. Therefore, the Trial Court was not permitted under Tennessee law to modify or eliminate Carriger's duly ordered child support arrearage obligations. *See State ex rel. Whitley v. Lewis*, 244 S.W.3d 824, 829-30 (Tenn. Ct. App. 2007).

In sum, while Carriger's mental or physical ailments may preclude him from being found in contempt or effectively prevent collection of his child support arrearages, Tennessee law does not allow the outright retroactive termination of child support arrearages which have accrued as a result of valid court orders. We reverse the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellee, Raymond T. Carriger.

_____
D. MICHAEL SWINEY, JUDGE

-5-